GULOTTA, Judge.
Plaintiff appeals from a summary judgment which dismissed her damage suit directed against her employer’s liability insurer for injuries sustained in an automobile accident.[1] At the time of the accident, Christine Schexnayder was a guest passenger in a vehicle owned by her employer, The Board of Commissioners of the Port of New Orleans, and driven by a co-worker. The basis of the liability insurer’s motion for summary judgment in this tort suit is that plaintiff’s exclusive remedy was in worker’s compensation.
*1261 In support of its motion, the defendant insurer filed affidavits of plaintiff’s coworkers who averred that Christine Schex-nayder was an employee of the Board of Commissioners and was on a mission for her employer at the time of the accident. According to the affidavits, plaintiff and her co-workers were in the process of delivering supplies to their employer’s yard when the accident occurred. In addition to the affidavits, the trial judge had before him an earlier court-approved worker’s compensation settlement between plaintiff and her employer. In the joint petition for approval of the compensation settlement, plaintiff alleged that she had sustained physical injury as a result of an accident “that arose out of and in the course and scope” of her employment.
In opposition to the motion for summary judgment, plaintiff contended she was not in the course and scope of her employment at the time of the accident since she was on her lunch break and was not on any mission for her employer. In support of this position, plaintiff asserted in an affidavit that while on her one-half hour lunch break her co-employee had received a call on his radio phone to come to another address for his employer. According to plaintiff, she told her co-worker that she was on her lunch break, but she was told to come anyway. While on their way to the specified address, plaintiff was injured in the automobile accident. Whether or not the injury arose out of or in the course of the employment, according to plaintiff, is a disputed question of fact.
In well-written reasons for granting summary judgment, which we adopt as our own, the trial judge stated:
“This plaintiff was an employee of the Board of Commissioners, Port of New Orleans. The Board owned an automobile in which she was riding as a passenger when she was injured. . . .
The plaintiff says she was on her lunch hour when injured, and hence not within the course and scope of her employment. The defendant says plaintiff was on lunch, that the employer knew this, but nevertheless directed her to go in the car on a mission for the employer. She went, and therefore was within the course and scope of her employment, on a mission for her employer when injured. Therefore, her exclusive remedy is in workmen’s compensation. There were three people in the automobile at the time: Freddie Lathan, driver, and two passengers, Henry Diggs and the plaintiff. Diggs and Lathan both state in their affidavits that they were coming from the Claiborne Avenue storehouse of their employer, and going to their employer’s yard on Jourdan Road to deliver supplies....
In this case, the plaintiff in her affidavit admits that she worked for the Board and that though on her lunch break, she was told to come to the Jourdan Yard anyway, with Lathan, and she went. She therefore was admittedly on a mission for her employer, and within the course and scope of her employment.
Further, in this same court, Case No. 79-16361, on October 81, 1979, this same plaintiff put through a workmen’s compensation settlement with her employer and its insurer, certifying that she had a legitimate workmen’s compensation claim. Her joint petition in said case, states:
‘Employee claims that on or about July 2, 1979, while working for employer in Orleans Parish, Louisiana, she sustained physical injury as a result of an accident that arose out of and in the course and scope of her said employment.’
As a matter of law, the plaintiff’s exclusive remedy is in workmen’s compensation, a remedy which she has fully availed herself of, along with this court’s prior approval. She cannot by law maintain this tort action against her employer and its insurer for that same accident, and for those same injuries.”
Considering the supporting and opposing affidavits and the record of the worker’s compensation settlement, it is clear that plaintiff’s accident arose out of and in the course of her employment. Plaintiff’s remedy is exclusively in worker’s compensation.
*1262 Accordingly, we affirm the judgment of the trial court.
AFFIRMED.

. The driver and insurer of the other automobile involved in the accident were also named as defendants in plaintiff’s damage suit. Their liability is not before us on appeal.